JUDGMENT
================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



NO. 99-99006
CV-99-00113-TUC-JMR

WALTER BURNHART LAGRAND

  Petitioner - Appellant

v.

TERRY L. STEWART, Director of the Arizona
Department of Corrections

  Respondent - Appellee

---

  APPEAL FROM the United States District Court for the District of Arizona (Tucson).

  THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Tucson) and was duly submitted.

  ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is REVERSED. The case is REMANDED to the district court with instructions to enter a permanent injunction consistent with this opinion. The motion for stay of execution is DENIED.

Filed and entered March 3, 1999

A TRUE COPY  3/3/99
ATTEST

CATHY CATTERSON
Clerk of Court

by: _____
  Deputy Clerk

This certification does constitute the mandate of the court.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER B. LaGRAND,<br><br>Petitioner,<br><br>v.<br><br>TERRY STEWART, Director, Arizona Department of Corrections, and DAN VANELLI, Warden, SMU II, Arizona State Prison, Florence,<br><br>Respondent. | No. 99-99006<br><br>D.C. No. CIV- 99-113-JMR<br>Arizona (Tucson)<br><br>ORDER |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Before: HUG, Chief Judge, PREGERSON and T.G. NELSON, Circuit Judges.

Walter LaGrand, an Arizona Prisoner on death row, appeals the district court's dismissal of his complaint challenging the constitutionality of execution by

-1-

lethal gas as being cruel and unusual punishment. We GRANT the certificate of appealability, and proceed to the merits of this case.

Walter's brother Karl raised this same issue last week. Karl LaGrand v. Stewart, No. 99-99004 (filed February 24, 1999). Karl was executed on the evening of Wednesday, February 24, 1999. Earlier that day, this court had enjoined the State of Arizona from executing Karl LaGrand, or anyone similarly situated, by means of lethal gas; enjoined Arizona from executing Karl LaGrand pursuant to the existing death warrant; and granted Karl LaGrand's motion for a stay of execution. The Supreme Court, however, lifted our stay, thereby allowing the execution of Karl LaGrand to proceed.[1]

Walter's situation is indistinguishable from Karl's, and is subject to the same analysis. The Supreme Court did not explain its reasons for vacating the stay this court issued in Karl LaGrand v. Stewart; nor did it pass upon our opinion in that case, the reasoning of which remains sound. Therefore, while we deny the petitioner's motion for a stay of execution, we enjoin the state of Arizona from executing the petitioner by means of lethal gas.

Accordingly, IT IS HEREBY ORDERED that the state respondents, their

---

[1] Karl LaGrand was executed by lethal injection, after the state of Arizona offered him the opportunity to change his mind about his method of execution.

-2-

agents, servants and employees be, and hereby are, restrained and enjoined from executing Walter B. LaGrand, or anyone similarly situated, by means of lethal gas. The state respondents, their agents, servants and employees are further restrained and enjoined from enforcing that part of the Warrant of Execution which allows LaGrand a choice of either lethal injection or lethal gas.

The decision of the district court is REVERSED. The case is REMANDED to the district court with instructions to enter a permanent injunction consistent with this opinion.

The motion for stay of execution is DENIED.

A TRUE COPY      3/3/99
ATTEST

CATHY CATTERSON
Clerk of Court

by: Ursula R. Urrutia
      Deputy Clerk

This certification does constitute the mandate of the court.